Judge Matheson, are you there? I'm here and I can hear you loud and clear. Good, good, good. I don't know if the people here been informed about what happened. Judge Matheson's in fine fettle as usual, but is it all right if I explain, Judge? That's fine, that's fine, Judge. Yeah, it's kind of interesting. One of his clerks interviewed with the New York law firm where one of the partners got coronavirus, so he was informed Monday morning, so his office is working from home. The IT people have assured me that the electronic connection with Judge Matheson will not enable that virus to spread here, so we're all fine. But wash your hands just in case. So we will start with our first case, U.S. v. Mannie, 19-6102. Good morning, may it please the court. My name is Susan Otto and I'm with the Federal Public Defender Office in Oklahoma City. I represent the appellant, Arthur Morris Mannie, Jr. Mr. Mannie, acting pro se, sought relief under the First Step Act of 2018. Mr. Mannie was sentenced in April of 2010 based on a determination that he was a career offender. He was sentenced to 262 months incarceration. In his pro se pleadings, Mr. Punishment at the time of his conviction was a mandatory minimum of 10 years and a maximum of life. Mr. Mannie is eligible for First Step Act relief. He was convicted of a covered offense, application of Sections 2 and 3 of the Fair Sentencing Act of 2010, lowered the statutory punishment for the covered offense. As it stands now, Mr. Mannie is no longer convicted of a Class A felony. He is no longer subject to a possible life sentence and the advisory guideline range for the alternative career offender computation reduced to 188 to 235 months incarceration. The government acknowledged this but urged the court to deny relief. So eligibility is not an issue. The court did not grant relief is the court for disposition. The district court denied relief, citing the public's interest in preventing Mr. Mannie from siring any more children that he didn't support and preventing him from harming other women and children. The court characterized Mr. Mannie as a recidivist with a history of domestic violence and concluded that he was an redeemed by his efforts at rehabilitation, although the court acknowledged that he had done some things to rehabilitate himself while confined. Now the government urges that this is sufficient and that Mr. Mannie was before the court only for a modification of his sentence. That the 3553A factors don't really apply and that the court in reviewing this for abuse of discretion and we exercise of discretion by the court that the abuse of discretion standard is somehow far more generous than it would be if unless he were here on a direct appeal from an original sentencing. The problem with the government's analysis of the standard of review and of this process that goes on in the First Step Act is that to agree with the government, you are going to have to ignore the plain language that Congress used in promulgating Section 404B of the First Step Act. Section 404B unambiguously expresses the that the court that imposed a sentence for a covered offense may impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. And the court ignored that, did not engage in the 3553A sentencing factors. The judge did acknowledge he could. I'm sorry, your honor? The judge did acknowledge that he could revise the sentence. Yes, he could. So as long as he recognizes he has that authority, what's the problem? All right, this brings us exactly to the point. When Mr. Manning was before the court on the First Step Act motion, his guideline range is now 188 months to 235 months. He is now before the court to impose a reduced sentence. And Congress's use of the word imposed was deliberate. You find the verb impose in Section 3661 for purposes of imposing a sentence the court may consider evidence regarding the background, character, and conduct of the defendant. You find it again in 3582A that directs the courts to consider 3553A factors if a sentence of incarceration is to be imposed. And finally, go ahead, finish your argument. 3553A enumerates the factors to be considered in determining the sentence to be imposed. But the 404 which you're relying on, B, starts off by saying the court may. Yes. And so doesn't that make all, I mean you're focused on the word may, you were focused on the word imposed, but how do we get, how do you get around the word may being discretionary? I think that the court has to conduct a thorough resentencing and to use the 3553A factors. The 3553A factors include the sentencing guidelines. The sentencing guidelines in this case are reduced to 188 to 235 months. Judge Pryatt never explained, not once, why 188 months wasn't sufficient but not greater than Mr. Manny is still a career offender. The things that the court focused on, his history of recidivism is taken into account in the career offender computation. The severity of his prior actions is taken into account in the career offender provision. He was before the court, Mr. Manny is now before the court by virtue of the First Step Act of 2018. Congress intended that the court may impose a reduced sentence. And we think... The concern, I'm not sure that you're already discussing difficulties even if the court were to have given a reduced sentence. You have a little stronger position at least that that would be a sentence, but here the court chose not to give a reduced sentence. So it didn't do anything. He did not, correct, he did not engage in a correct... So he did not impose a different sentence. So why do you think that there was a hearing entitled? Well, and let's be clear, I'm not... Mr. Manny wanted to have a plenary resentencing. I believe that denying Mr. Manny the opportunity to present allocution and to address some of the judge's issues with Mr. Manny was an error. What did Congress intend when it promulgated the First Step Act? Well, Congress wanted to look at these men just like Mr. Manny, who had been sentenced to extraordinarily long terms of incarceration under the now insupportable 100 to 1 crack disparity. Congress wanted the courts to look at these men again. You cannot reconcile what the a reduced sentence. And simply by saying 262 months is necessary to protect the public from you does not engage in the type of individualized sentencing, post-Booker, post-Pepper that is required. Courts exercise discretion within frameworks, either within a framework of a rule, framework of a statute, or the framework of constitutional decisions. Mr. Manny was back in front of the court for a reconsideration of him. The court articulated why Mr. Manny was not a very nice man and why a substantial sentence should be imposed. He flat rejected Mr. Manny's request for 120 months, which would have been the mandatory minimum sentence prescribed by the new statute. But he never explained why 188 months, the low end of the new career offender guideline, was not sufficient, but not greater than necessary to achieve the goals of sentencing. How was he supposed to explain that? What would you expect the judge to say? He said, you have this very bad record. I recognize what you've while in prison and taking courses and so on. He recognized the appropriate factors. He didn't even repeat his offhand remark about the defendant's treatment of his family, although there were allegations of domestic abuse there that I would think would be quite relevant. So what's the judge supposed to say? You've got a bad record. I think this is the appropriate sentence. Is he supposed to say 188 months just wouldn't do it? 195 would? I don't think we require that sort of thing. Well, 3553A does. The sentencing statutes require us to impose a sentence sufficient but not greater than necessary to achieve the statutory goals of obviously. And he recognized what the guidelines range was and said, I think we need more given this history. Have we ever required more than that? Have we required some mathematical computation of whether this is sufficient or not? No, the courts do not require a mathematical computation. However, they do require some reasonably articulated basis. And why is that not present here? That's what I don't understand. Well, it's not present here in part because the primary person who might have had something to say about this, the primary person who could have answered the judge's questions about his remorse, the judge also pointed out that Mr. Manning showed no remorse at his sentencing proceedings that were rather peculiar. They were conducted in a very odd way by his lawyer. And so the judge was judging Mr. Manning based on the Mr. Manning who had been presented before him 10 years previously. Now you're arguing that he was entitled to a hearing, it sounds like. The rule specifically addresses resentencing under these guidelines. It specifically says that. The rules say that. You're not entitled to a hearing, but other courts have granted hearings and have granted hearings for the very specific reason, and we'll get into this a little more in Mr. Maytabi's case, for the very specific reason that when you have done well in prison, you might be eligible for that reduction. If you've done ill, not so much. So contrary to the rules, you think in certain circumstances he is entitled to a hearing. You're saying he wasn't entitled to a hearing, but other courts have allowed a hearing in similar circumstances, and he should have been given one, and it was a reversible error not to. Yes, because it is an abuse of discretion under the facts of this case. There's a difference between being entitled to something and having that be Bustamante conscious. Has anybody ever, have you made a proper proof of what he would have said if he had had a new right of elocution? I did not. Okay. Yes, Judge Matheson. I'm interested in exploring your argument that in appellate review of a decision like this, our court should engage in a procedural and substantive reasonableness analysis along the lines that we would in an appeal from the initial sentence. And my question to you is whether you have any authority for this under First Step Act denials. Have any other courts recognized that that should be the nature of appellate review? I believe this is a case of first impression in this circuit. The circuits are slowly trickling out a review of First Step Act cases. I do not have, obviously, a dispositive case from this There is, of course, the general statute for motions for sentence reduction, section 3582. Do you have any analogous case from a denial of a 3582 motion for sentence reduction where this procedural and substantive reasonableness analysis has been performed? I did not cite one in my brief. I can do supplemental research and submit a 28-J. Would you agree that this is a 3582 proceeding? In other words, it's a motion for sentence reduction based on the First Step Act? Yes. Thank you. I would like to reserve 19 seconds. Thank you, Your Honor. Good morning. May it please the court. My name is Tim Ogilvie, appearing on behalf of the United States. The district court's decision in this case not to hold a hearing was not an abuse of discretion, and authority for that position is found in a number of places, most prominently in the text of the First Step Act itself, which neither mentions much less requires a hearing. Second, as one of the questions alluded to earlier, Federal Rule of Criminal Procedure 43, which governs when a defendant must be present or need not be, specifically includes any form of sentencing modification under Section 3582C, and this is such a case. And I should also mention that since briefing was completed in this case, two circuits have said so in published opinions. That would be the Fifth Circuit and the Eighth Circuit. Isn't there a 28-J letter with that authority? I certainly will, Your Honor. Both of those cases are very, very recent. In fact, one just within the last month or so. Another circuit in the context of plain error noted in passing in an unpublished opinion that, oh, by the way, this is not plain error, and among other reasons is the fact that the First Step Act never does mention a hearing. Are you referring to an unpublished opinion by this court? It was unpublished. No, Your Honor. Forgive me. It was a... Just include it in the 28-J. I will. That was the Seventh Circuit. The Sixth Circuit has also weighed in, also in an unpublished opinion, by saying that the notion of discretion in the First Step Act is plainly inconsistent with a plenary resentencing, and there are fundamental differences between a sentencing in the first place and a modification, which is what happened here. The argument by the defendant that attempts to graft a procedural reasonableness component onto something which is not an initial sentencing simply doesn't work for reasons that I've explained in my brief. It's not required. A judge is within his discretion to hold a hearing or not, and again, the language of the First Step Act is that a judge may reduce a sentence, and as other courts have recognized, that kind of discretionary language is plainly different from the things a judge must do at a sentencing in the first instance. The only thing that the fully review a motion on the merits, and we know from the district court's order in this case that was clearly done. Another... What do you think it means to review on the merits? Do you think that means a new review of everything or only taking the old review and adding in the sentencing adjustments for these drugs? I would say it has a number of components. One is, and one argument the defendant made was, things that have changed about Mr. Manny since his sentencing were not before the district court. Here they were, and they were considered. So do you think that the may consider does include not just the fact that the sentence has been changed, the statutory conversion rate has been changed, but also that they have to consider everything else about the sentence to, again, reconsider that? I think, Your Honor, that first they cannot and should not consider everything about the sentence. For example, whether a person was considered a career offender at a first sentencing is now not properly open for review on a First Step Act motion, but as the district court did here, 3553 factors were considered. Mr. Manny's positive changes since the date of his original sentencing were... And do you think that those that they had, that the court has to consider those things? I think the case law is that things like post-sentencing rehabilitation may be considered but need not. Well, if the court does or is required to consider other evidence, then I think you have a harder case about arguing that there shouldn't be a hearing. Because if things like post-sentencing behavior is considered, and particularly if it's bad behavior, the defendant, the court's going to say, wow, I've looked at your prison report and it looks terrible. Not to have a hearing and not to let the defendant come in and defend that is pretty hard to support. It would be a harder case, Your Honor, but I suggest in this case that it's not insurmountable for several reasons. One is, again, that the First Step Act doesn't require it. Second, as a practical matter, there was no fact that the defendant has identified in his brief that he would have presented at a hearing. Well, and that's where they ask if there was a proffer. So we have something the defendant would have said, and we have nothing. So this particular case may not raise the issue. I mean, it may be that there are simply some defaults that cause that issue not to come up. But if it's the government's position, as it is, that the court should consider not just the change in sentencing conversion, punishment conversion factors, but other post-conviction behavior, then I'm having a difficult time why the defendant would not have a right to be present for that. Well, I would say, again, that the case law in other contexts is that post-sentencing behavior may be considered but need not be considered. So a court can say, I've looked at your behavior in jail. You've had eight fights. You've gotten three times you were disobedient. Once you did this, once you did that. And therefore, I'm going to not change it, or I am going to change it, and I'm going to make it even worse. But you don't have a right to be in court to defend yourself. Well, there's two answers to that, Your Honor. One is that the only thing permitted under the First Step Act is a reduction and not an increase based on... All right, well, let's take that part out. I'm not going to reduce. And I would say that there's kind of two parts to that answer. One would be, as a practical matter, was there anything like that here? And the answer is no. No, but I'm testing your position about that, that there is no right to a hearing even if there are facts presented like post-conviction behavior that the of urging the court to say that in certain circumstances a hearing must be held. I think the review of an abuse of discretion allows for flexibility in exactly that circumstance. And it's true. I can imagine a hypothetical where, unlike here, a defendant tries to put newer facts in writing before the district court, and the district court simply says, I will not consider those. I don't care who raises them. And in such a fashion, either not hearing from counsel or failing to hold a hearing may very well be an abuse of discretion. But since those... I'm sorry? Are you aware of any cases where a court has said that the district heard in not holding a hearing with the defendant present? I'm not aware of any case that says it's error to simply reduce or decline to reduce without a hearing. And again, the hypothetical that I suggested, I have to think is the likelihood of that ever happening in practice is essentially zero. Counsel? Yes. Uh, does it make any difference on the hearing issue that the sentence at this point is in effect an upward variance? In other words, under the First Step Act, the guidelines range changed from 262 to 327 months to 188 to 35 months. And he still left with the sentence of 262 months. Why wouldn't that point to the need for justification and entitlement to a hearing? Your Honor, I would say the difference between that is this. At the time that sentence was imposed, that was a within guideline sentence. And if this defendant were being sentenced today, it would be an upward variance. But again, the notion of recategorizing what happened then is inconsistent with the discretion that the First Step Act gives to the district court. It says very clearly he may, but is not required to reduce the sentence of any offender. And I would say that a recharacterization of this as an upward variance now is inconsistent with the notion that this is simply a discretionary denial. And I would suggest that would it matter that it's an upward variance other than that there's a greater burden on the court to explain it? Would there be any other legal significance to this record that it's an upward variance rather than within the guidelines? I would suggest the answer is no, Your Honor. This is simply a discretionary declination of a motion to grant relief and requires nothing of the sort of explanation that an upward variance might require or this a sentencing in the first instance. So the fact that it is an upward variance, I mean, here we do have an explanation by the court. So this case probably doesn't present that issue. But your position would be that there's no, if the change, well, here the guidelines weren't changed. So that doesn't matter, I suppose. Correct. And here, once we reach the issue of the district court's discretion, I suggest that the court's ultimate decision to deny Mr. Manny's relief is amply supported by the district court's order. And by the record, as the district court gave it, just the very highlights of his criminal history, it's simply abysmal. And his record of assaultive behavior on otherwise innocent victims, of course, was at the forefront of the district court's ruling. And the district court finally explained after taking into account all of the factors, including 3553 factors and the new arguments raised by the defendant, concluded that the current sentence was the appropriate sentence and the district court was quick to explain that was a calculated decision as it was not simply a reflexive default to the guidelines. So for all of those reasons, I have suggested that it is not an abuse of the district court's discretion to decline to hold a hearing, that the full and complete review on the merits that the First Step Act requires was done in this similarly not an abuse of discretion. Thank you, Your Honors. Hold on a second. Judge Matheson, did you have any questions? No, no further questions. Do I have 13 seconds? Okay. All right. I respectfully disagree with the United States that this is simply a discretionary motion. If it were just a discretionary act by the court, may I finish my sentence? Yes. Thank you. Congress would not have chosen the verb impose. Okay. I think we understood that argument anyway. All right. Thank you. Case is submitted.